# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs February 12, 2013

## CHAUNCEY MOORE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2009-A-539   Cheryl Blackburn, Judge**

———————————————

**No.  M2012-01545-CCA-R3-PC - Filed June 18, 2013**

———————————————

Petitioner, Chauncey Moore, was indicted by a Davidson County Grand Jury for one count of attempting to commit premeditated murder and one count of employing a firearm during the commission of a dangerous felony.  He entered a guilty plea to the lesser included offense of attempt to commit manslaughter and employing a firearm during the commission of a dangerous felony.  Pursuant to the plea agreement, Petitioner was sentenced to two years at thirty percent for the attempt to commit voluntary manslaughter conviction and six years at 100 percent for the employing a firearm during the commission of a dangerous felony conviction.  Petitioner subsequently filed a petition for post-conviction relief arguing that he was afforded ineffective assistance of counsel and that he entered his guilty plea unknowingly and involuntarily.  After a thorough review of the record, we conclude that Petitioner has failed to prove any of his allegations that counsel's representation was ineffective and that his plea was entered knowingly and voluntarily.  Therefore, we affirm the post-conviction court's denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and JEFFREY S. BIVINS, JJ., joined.

Ryan C. Caldwell, Nashville, Tennessee, for the appellant, Chauncey Moore.

Robert E. Cooper, Jr., Attorney General and Reporter; Kyle Hixson, Assistant Attorney General; Victor S. Johnson, III, District Attorney General, and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

The following facts were set out at the guilty plea hearing:

Mr. Etter, the victim in the case, went to a location on Zermatt Avenue where the defendant lived. His purpose in going there was to buy some marijuana from a third person, which did occur. But during the course of that he and [Petitioner] got into an argument. Mr. Etter basically asserting that if [Petitioner] wanted to fight he could come outside and do so. They both went outside. [Petitioner] had a gun, he fired the gun at Mr. Etter several times, shot him in the legs, shot him in the mid section. And, of course, police and ambulance responded.

A Davidson County Grand Jury indicted Petitioner for one count of attempting to commit premeditated murder and one count of employing a firearm during the commission of a dangerous felony. A jury trial held on March 22-24, 2010, ended in a mistrial. In April 2010, Petitioner retained trial counsel to represent him going forward. A second trial was scheduled for July 2010.

On July 9, 2010, Petitioner pled guilty to one count of the lesser included offense of attempted voluntary manslaughter and employing a firearm during the commission of a dangerous felony. Pursuant to the plea agreement, Petitioner was sentenced to two years at thirty percent as a Range I, standard offender, for the attempted voluntary manslaughter conviction. He was sentenced to six years at 100 percent for the conviction of employing a firearm. The six-year sentence was run consecutively to the two-year sentence.

On February 11, 2011, Petitioner filed a pro se petition for post-conviction relief. The post-conviction court appointed counsel, and appointed counsel filed an amended petition. The petition alleged that Petitioner received ineffective assistance of counsel and that he entered his plea unknowingly and involuntarily. The post-conviction court held an evidentiary hearing on March 7, 2012.

Petitioner was the first witness at the hearing. He testified that he has a tenth-grade education and earned his GED while in custody. Petitioner stated that he met with trial counsel about four times before entering his plea, twice in jail and twice in court. He said that he thought the plea deal was to be a total of eight years all served at thirty percent. Petitioner said he based that assumption on what trial counsel had told him.

Petitioner agreed that trial counsel went over his plea bargain arrangement before he enterd his plea. According to Petitioner, trial counsel told him to say yes to everything and that is why he said yes to the guilty plea. He agreed that at the guilty plea hearing he said that he understood the sentence as two years at thirty percent and six years at 100 percent. Petitioner testified that trial counsel told him that the Tennessee Department of Correction ("TDOC") was going to change the 100 percent to thirty percent when he got into custody. Petitioner testified that he discovered that the six years was at 100 percent from a timesheet he received in prison.

Petitioner stated that this was his first time as an adult in the criminal justice system, and it was the first time he had entered a guilty plea. He said he felt coerced into taking the deal because trial counsel told him that the six-year sentence would be served at thirty percent.

Petitioner complained because he asked trial counsel to file various motions prior to trial, but trial counsel refused to do so. When asked on cross-examination which motions should have been filed, Petitioner could not name any. He stated that "if I ask my lawyer to do something that is her duty to serve me and do whatever it is that I want."

On cross-examination, Petitioner admitted that he heard the trial court state that the six years would be served at 100 percent. He maintained that he did not question this because he believed that TDOC would change the 100 percent to thirty percent. He said that trial counsel told him this. Petitioner stated that when he answered the questions asked during the guilty plea hearing, he was lying to the trial court. Petitioner also stated that he did not read the plea petition. He testified that he signed it because trial counsel told him to sign it.

Trial counsel also testified at the post-conviction hearing. She stated that she received a transcript from the first trial and reviewed it. Trial counsel stated that there were no motions that should have been filed in Petitioner's case. She denied misleading Petitioner about the terms of his guilty plea. She did not tell him how to respond to the trial court's questions at the guilty plea hearing. She said there was no indication that he did not understand the plea. Trial counsel stated that it was her practice to review plea petitions with her clients and have them initial each point of the petition. Petitioner's plea petition was presented at the post-conviction hearing, and he had initialed the petition.

Trial counsel testified that she told him the sentence was two years at thirty percent and six years at 100 percent. She said that she did not discuss how TDOC would interpret his sentence. She said that it is not her practice to explain what TDOC does with sentences. She told Petitioner that he would serve the two-year sentence first and the six-year sentence

would be served consecutively to the two-year sentence. Trial counsel testified that she could tell that Petitioner was unhappy with the deal, but in such a way that he wanted to "walk free" and that he "[didn't] want to do any time."

On June 22, 2012, the post-conviction court filed a written order denying the petition. The post-conviction court specifically found that trial counsel's testimony at the hearing was credible. The post-conviction court included the following findings:

> Further, the guilty plea transcript belies Petitioner's claims. During the guilty plea colloquy, the Court went over the plea agreement with Petitioner and explained in detail how the sentences for each Count had different release eligibility; Petitioner indicated he understood. Not only was Petitioner answering the questions under oath at the plea hearing, but he did not simply respond "yes" to all of the questions. For example, when Petitioner had a question about how much jail credit he would receive, his counsel interjected to allow for Petitioner to raise his question and he discussed directly with the Court the issue of credit.

> When asked about the petition, Petitioner stated that he read it himself and "talked over it with my lawyer." The plea petition introduced into evidence at Exhibit 1, explicitly sets forth the sentence with the two percentages and is initialed by Petitioner.

(citations to the record omitted).

The trial court further concluded that "A review of the record including the guilty plea hearing . . . affirmatively demonstrates that the petitioner's guilty pleas were made with an awareness of the consequences, and, as such, the guilty plea was voluntarily and knowingly entered." (citations to the record omitted).

## ANALYSIS
### Post-conviction Standard of Review

On appeal, Petitioner argues that he was afforded ineffective assistance of counsel and that his guilty plea was entered unknowingly and involuntarily. The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the

post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not re-weigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing by clear and convincing evidence that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996); *see also* T.C.A. § 40-30-110(f). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580.

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, Petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate the principle that guilty pleas be voluntarily and intelligently made. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citing *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). As stated above, in order to successfully challenge the effectiveness of

counsel, Petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *See Baxter*, 523 S.W.2d at 936. Under *Strickland v. Washington*, Petitioner must establish: (1) deficient representation; and (2) prejudice resulting from the deficiency. 466 U.S. 668, 694 (1984). However, in the context of a guilty plea, to satisfy the second prong of *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *see also Walton v. State*, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

When analyzing a guilty plea, we look to the federal standard announced in *Boykin v. Alabama*, 395 U.S. 238 (1969), and the State standard set out in *State v. Mackey*, 553 S.W.2d 337 (Tenn. 1977). *State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1999). In *Boykin*, the United States Supreme Court held that there must be an affirmative showing in the trial court that a guilty plea was voluntarily and knowingly given before it can be accepted. 395 U.S. at 242. Similarly, our Tennessee Supreme Court in *Mackey* required an affirmative showing of a voluntary and knowing guilty plea, namely, that the defendant has been made aware of the significant consequences of such a plea. *Pettus*, 986 S.W.2d at 542. The standard is the same for a "best interest" or *Alford* plea, that is, "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Alford*, 400 U.S. at 31.

A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he fully understands the plea and its consequences. *Pettus*, 986 S.W.2d at 542; *Blankenship*, 858 S.W.2d at 904.

Petitioner has failed to show that but for trial counsel's alleged deficiencies, he would have refused to plead guilty and insisted on going to trial. Petitioner testified that trial counsel told him how to respond to the trial court's questions at the guilty plea hearing. He also stated that trial counsel told him that the six-year sentence was to be served at thirty percent and that TDOC would change the 100 percent service to thirty once he was in custody. Trial counsel adamantly denied both these assertions when she testified at the post-conviction hearing. The post-conviction court specifically found trial counsel's testimony to be credible. It is up to the trial court to determine credibility of witnesses and the post-conviction court's findings have the weight of a jury verdict. *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). Therefore, Petitioner has not proven that trial counsel's representation was deficient and that he would not have pled guilty if not for her representation.

Furthermore, the transcript of the guilty plea hearing reflects that the trial court discussed the ramifications of the guilty plea with Petitioner. He was thoroughly questioned by the trial court to ascertain whether he understood the effects of the plea. The plea hearing also indicates that Petitioner knew what he was doing, understood the plea, and agreed that it was what he wanted to do to resolve the case. Petitioner has failed to show by clear and convincing evidence that he received ineffective assistance of counsel or that his guilty plea was involuntary. Moreover, Petitioner has failed to prove he did not understand the consequences of his plea.

## CONCLUSION

For the foregoing reasons, we affirm the denial of Petitioner's petition for post-conviction relief.

_____
JERRY L. SMITH, JUDGE